OPINION OF THE COURT
Per Curiam.
Order dated November 9, 1988, insofar as appealed from, reversed, with $10 costs, and petitioner’s cross motion for summary judgment is granted.
In this holdover summary proceeding, respondents are the mother and sister of the deceased rent-stabilized tenant. The respondents moved into the apartment premises to assist the tenant, who was suffering from AIDS, and lived with the tenant for approximately 18 months until his death. After the expiration of the last renewal lease, petitioner initiated these eviction proceedings. Respondents assert that they are entitled to remain in possession pursuant to section 2523.5 (b) (2) of the Rent Stabilization Code (9 NYCRR). That section, which has been sustained as a permissible exercise of administrative authority (Festa v Leshen, 145 AD2d 49), provides, inter alia, "if the tenant is deceased at the expiration of the lease term, such tenant’s family member who has not resided in the housing accommodation since the inception of the tenancy or the commencement of the relationship, but who has been residing with such tenant in the housing accommodation as a primary resident for a period of no less than two (2) years immediately prior to the death of the tenant * * * such family member shall be entitled to a renewal lease” (emphasis added). It is conceded that respondents did not contemporaneously reside with the tenant for two years. In denying petitioner’s application for summary judgment, Civil Court held that "a trial must be had on the factual issue of whether, as alleged, § 2523.5 (b) (2) has an unconstitutionally disproportionate effect on the survivors of persons with AIDS, and other factual issues, if any”. Civil Court’s decision appears to have been premised, at least in part, upon a medical affidavit submitted by a physician to the effect that in her practice, it is "highly unusual” for the life expectancy of persons in whom AIDS symptoms have actually appeared to exceed two years.
Because we conclude that the regulation at issue, as written or as applied to respondents, does not violate the Due Process or Equal Protection Clauses of the State Constitution, there *294 must be a reversal. In evaluating legislation or rules defining the landlord-tenant relationship, all that is required is that the challenged classification be rationally related to its intended purpose (Lindsey v Normet, 405 US 56, 73-74). In the context of balancing the interests of landlords and tenants in the area of succession rights to rent-stabilized apartments, the administrative agency has adopted a precise time period (two years) to serve as a bright-line standard in helping to differentiate between transient and more permanent co-occupancies with the tenant of record. Obviously, to the extent that any definitive temporal requirement is adopted, it is inevitable that there will be some otherwise similarly situated family members of the tenant who fall outside the protected class. But this does not necessarily offend constitutional concerns. "[A] State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis’ it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality’ ” (Dandridge v Williams, 397 US 471, 485). "It is enough that the State’s action be rationally based and free from invidious discrimination” (supra, at 487).
The regulation before us meets the test of rationality in that the time frame chosen is reasonably related to the agency’s goal of limiting succession rights to those family members who can demonstrate that they lived with the tenant of record for at least some minimum period of measurable duration. The fact that there may conceivably be a disproportionate impact upon surviving family members who moved in with the tenant during the tenant’s final illness (whatever that illness might be) does not in and of itself make out invidious discrimination forbidden by the Equal Protection Clause, nor does it raise an issue of independent constitutional significance.
Accordingly, there being no factual question in the record, and the respondents not having qualified as persons entitled to a renewal lease under section 2523.5 (b) (2) of the Rent Stabilization Code, petitioner’s cross motion for summary judgment is granted.
Sandifer J. P., Parness and Miller, JJ., concur.